[Cite as *State v. Miles*, 2021-Ohio-1029.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2020 CA 00052 |
| NIKKITA MILES | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING: Criminal appeal from the Licking County
Court of Common Pleas, Case No.
19CR523

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: March 29, 2021

APPEARANCES:

For Plaintiff-Appellee

WILLIAM C. HAYES
Licking County Prosecutor
BY: PAULA M. SAWYERS
Assistant Prosecutor
20 S. Second Street, 4th Floor
Newark, OH 43055

For Defendant-Appellant

WILLIAM T. CRAMER
470 Olde Worthington Road, St. 200
Westerville, OH 43082

*Gwin, P.J.*

{¶1}   Defendant-appellant Nikkita Miles ["Miles"] appeals from the December 12, 2019 Judgment Entry of the Licking County Court of Common Pleas that overruled her motion to suppress evidence.

*Facts and procedural History*

{¶2}   On July 25, 2019, Miles was indicted by the Licking County Grand Jury with aggravated drug possession in violation of R.C. 2925.11(A)/(C)(1)(c) and aggravated drug trafficking in violation of R.C. 2925.03(A)(2)/(C)(1)(d). Both charges were second-degree felonies involving five times the bulk amount of methamphetamine.

{¶3}   On November 15, 2019, Miles through counsel filed a motion to suppress arguing that the traffic stop was unconstitutionally extended beyond the time necessary to issue a traffic citation by the use of a drug sniffing canine to sniff around the exterior of the vehicle and, as a result, the evidence found must be suppressed.

{¶4}   On November 27, 2019, an evidentiary hearing was held on Miles's motion to suppress. The following evidence was presented during that hearing.

{¶5}   On July 14, 2019, at 9:38 p.m., Officer Adam Carter of the Newark Police Department effectuated a traffic stop of a 1994 Honda Civic for a turn signal violation. Terrance Cunningham was driving the car and Miles was the front seat passenger. Officer Carter called in the license plate and learned that neither occupant was the registered owner of the vehicle. Cunningham and Miles are married; however, neither had a valid driver license.

{¶6}   At approximately 9:40 p.m. Officer Carter obtained the social security numbers of the car's occupants. He further had the driver operate the turn signal and

verified that the driver's side signal was not working. Officer Carter testified that it normally takes him ten to fifteen minutes to write a traffic citation.

{¶7} At 9:41 p.m. Officer Carter radioed for a drug sniffing canine. At 9:43 p.m. Officer Jon Purtee arrives on the scene with his canine. At 9:46 p.m. the canine alerts for possible drugs in the car. After the canine alerted, Officer Carter searched the vehicle and found the methamphetamine.

{¶8} By Judgment Entry filed December 12, 2019, the trial court denied the motion to suppress. Subsequently, Miles pled no contest to both counts with the understanding that she would appeal the suppression ruling. The parties agreed that the two counts merged because they involved the same drugs and the prosecution elected to proceed on the aggravated trafficking count. The court found Miles guilty of aggravated trafficking and imposed a mandatory prison sentence of two to three years, with 272 days of jail credits.

*Assignment of Error*

{¶9} Miles raises one Assignment of Error:

{¶10} "I. APPELLANT'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO BE FREE OF UNREASONABLE SEARCHES WERE VIOLATED WHEN THE TRAFFIC STOP WAS DELAYED TO ALLOW FOR A CANINE SEARCH OF THE VEHICLE."

*Law and Analysis*

**STANDARD OF APPELLATE REVIEW.**

{¶11} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 154-155, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of

fact and is in the best position to resolve questions of fact and to evaluate witness credibility. *See, State v. Dunlap*, 73 Ohio St.3d 308, 314, 652 N.E.2d 988 (1995); *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *See Burnside, supra; Dunlap, supra; State v. Long,* 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist. 1998); *State v. Medcalf*, 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist. 1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. *See Burnside, supra, citing State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist. 1997); *See, generally, United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002); *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review *Ornelas, supra*. Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas, supra* at 698, 116 S.Ct. at 1663.

**ISSUE FOR APPEALLATE REVIEW:** *Whether the lawful detention for the traffic infraction became an unlawful detention when the officer decided to call for the use of a narcotics-detection dog to sniff around exterior of the vehicle.*

**{¶12}** The use of a drug detection dog does not constitute a "search" and an officer is not required, prior to a dog sniff, to establish either probable cause or a reasonable suspicion that drugs are concealed in a vehicle. *See Illinois v. Caballes*, 543 U.S. 405, 409, 125 S.Ct. 834, 838, 160 L.Ed.2d 842 (2005); *United States v. Place*, 462 U.S. 696, 707, 103 S.Ct. 2637, 2645, 77 L.Ed.2d 110 (1983); *State v. Carlson*, 102 Ohio App.3d

585, 594, 657 N.E.2d 591 (9th Dist. 1995); *United States v. Seals*, 987 F.2d 1102, 1106 (5th Cir.1993). Further, if a trained narcotics dog alerts to the odor of drugs from a lawfully detained vehicle, an officer has probable cause to search the vehicle for contraband. *United States v. Reed*, 141 F.3d 644 (6th Cir. 1998), (*quoting United States v. Berry*, 90 F.3d 148, 153 (6th Cir. 1996), *cert. denied* 519 U.S. 999, 117 S.Ct. 497, 136 L.Ed.2d 389 (1996)); *accord, United States v. Hill*, 195 F.3d 258, 273 (6th Cir.1999); *United States v. Diaz,* 25 F.3d 392, 394 (6th Cir. 1994); *State v. French*, 104 Ohio App.3d 740, 663 N.E.2d 367 (12th Dist. 1995), *abrogated on different grounds, City of Dayton v. Erickson, 76 Ohio St.3d 3, 665 N.E.2d 1091 (1996).*

{¶13} A dog sniff, however, is a measure aimed at "detect[ing] evidence of ordinary criminal wrongdoing." *Indianapolis v. Edmond*, 531 U.S. 32, 40–41, 121 S.Ct. 447, 148 L.Ed.2d 333 (2000). *See also Florida v. Jardines*, 569 U.S. 1, 133 S.Ct. 1409, 1416–1417, 185 L.Ed.2d 495 (2013). "Lacking the same close connection to roadway safety as the ordinary inquiries, a dog sniff is not fairly characterized as part of the officer's traffic mission." *Rodriguez v. United States,* 575 U.S. 348, 356, 135 S.Ct. 1609, 191 L.Ed.2d 492(2015). Further, a dog sniff cannot be justified on the basis of officer safety. Highway and officer safety are interests different in kind from the Government's endeavor to detect crime in general or drug trafficking in particular. *Rodriguez v. United States,* 575 U.S. at 356-357, 135 S.Ct. 1609, 191 L.Ed.2d 492. "The critical question, then, is not whether the dog sniff occurs before or after the officer issues a ticket…but whether conducting the sniff 'prolongs'—i.e., adds time to—'the stop'…." *Rodriguez v. United States,* 575 U.S. at 357, 135 S.Ct. 1609, 191 L.Ed.2d 492.

{¶14} In the case at bar, the stop occurred at approximately 9:38 p.m. At approximately 9:41 p.m., Officer Carter requested a canine handler report to his location. The officer and the drug-sniffing dog arrived at approximately 9:43 p.m. At approximately 9:46 p.m. the dog alerted on the car. Thus, eight minutes elapsed from the time the car was stopped until the canine alerted to possible drugs in the car. Officer Carter testified that it normally takes him ten to fifteen minutes to write a traffic citation. There is no evidence in the record that Officer Carter could have completed writing the traffic citations before 9:43 p.m. Nor is there evidence that Officer Carter could have completed issuing the traffic citations before 9:46 p.m., the time that the canine alerted on the car. Once the drug dog alerted to the vehicle, the police had probable cause to search that vehicle for contraband.

{¶15} Accordingly, in the case at bar the canine sniff did not add time to the time necessary to complete issuing traffic citations for driving under suspension and a turn signal violation. In other words, the dog sniff did not add time to the traffic stop. *Rodriguez v. United States,* 575 U.S. at 357, 135 S.Ct. 1609, 191 L.Ed.2d 492.

{¶16} No violation of Miles's Fourth Amendment rights has been demonstrated. Therefore, we find the trial court correctly denied Miles's motion to suppress evidence.

{¶17} Miles's sole Assignment of Error is overruled.

{¶18}   The judgment of the Licking County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Wise, John, J., and

Wise, Earle, J., concur